# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RONALD EARLE RUSHIN, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL NO. 5:16-CV-00543-CAR-CHW |
| WARDEN CALDWELL, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Ronald Earle Rushin, who is presently confined at the Coffee Correctional Facility in Nicholls, Georgia, filed a pleading and several other documents that led the Court to believe he may be attempting to file a complaint pursuant to 42 U.S.C. § 1983. Because the relief sought was unclear, however, on January 27, 2017, the United States Magistrate Judge ordered Plaintiff to recast his complaint on the Court's standard form. Plaintiff was warned that his failure to comply with the Magistrate Judge's Order could result in dismissal of Plaintiff's action, and he was also directed to inform the Court of any change in his mailing address. Plaintiff was given twenty-one (21) days to comply with the Magistrate Judge's Order. ECF No. 9 at 1-2.

Plaintiff failed to file a recast complaint within the time allotted, but he did file a document in which he stated that his "state writ of mandamus (ECF No. 1) was filed in wrong courts" and that he would be "redirecting all papers that has been filed in (Macon Division) to be sent to Wilcox County Superior Courthouse[.]" ECF No. 10 at 1. Thus,

on March 28, 2017, the Magistrate Judge advised Plaintiff that if he wished to dismiss the above-captioned case because it had been filed in the wrong court, he could file a notice of voluntary dismissal with the Court; otherwise, Plaintiff should respond and show cause why his lawsuit should not be dismissed for his failure to file a recast complaint as ordered. Plaintiff was again given twenty-one (21) days to respond, reminded of his obligation to inform the Court of any change in address, and warned that failure to respond would result in the dismissal of his Complaint. ECF No. 13 at 1-2.

The time for compliance with the show cause order passed with no response from Plaintiff. Accordingly, because of Plaintiff's failure to comply with the Court's instructions and orders, his failure to otherwise diligently prosecute this action, and because it does not appear his claims would be barred by the applicable statute of limitations, his Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)). Plaintiff's pending motions (ECF Nos. 4, 6) are **DENIED as moot.**

                **SO ORDERED**, this 1st day of May, 2017.

                          **S/ C. Ashley Royal**
                          C. ASHLEY ROYAL, SENIOR JUDGE
                          UNITED STATES DISTRICT COURT